UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Deshawn Nunley,

           Plaintiff,        Case No. 23-13287

v.                                    Judith E. Levy
                                    United States District Judge

Genesee County Jail, *et al.*,

                                    Mag. Judge Curtis Ivy, Jr.

           Defendants.

_____/

**OPINION AND ORDER DISMISSING
COMPLAINT WITHOUT PREJUDICE**

Deshawn Nunley, who incarcerated at the Clare County Jail in Harrison, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint is dismissed without prejudice because the complaint as written fails to adequately state a claim for relief under 42 U.S.C. § 1983.

**I. Factual Background**

Plaintiff claims he was wrongfully incarcerated in the Genesee County Jail for almost three years for a crime he did not commit. (ECF No. 1, PageID.5.) Plaintiff alleges, without much detail, that he "was

harassed multiple times by Michigan state law enforcement." (*Id.*) Plaintiff was charged with an unspecified crime or crimes on January 22, 2020, and released from jail in March of 2022. (*Id.*) Plaintiff brings suit against the Genesee County Jail. (*Id.* at PageID.2.) He also may be naming the Michigan State Police and the Flint Police as defendants. (*Id.*) Plaintiff seeks monetary relief. (*Id.* at PageID.6.)

## II. Legal Standard

Plaintiff is proceeding without prepayment of fees. *See* 28 § U.S.C. 1915(a). 28 U.S.C. § 1915(e)(2)(B) states that the Court "shall dismiss the case at any time if the court determines that[ ] the action or appeal[ ] is frivolous or malicious; [ ] fails to state a claim on which relief may be granted; or [ ] seeks monetary relief against a defendant who is immune from such relief."

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the

speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

III. Discussion

### A. Genesee County Jail

A county jail is not a legal entity capable of being sued for alleged civil rights violations under 42 U.S.C. § 1983. *See Cage v. Kent Cnty. Corr. Facility (Jail)*, 1997 WL 225647, at *1, 113 F.3d 1234 (6th Cir. 1997) (unpublished table decision); *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (holding that the county jail "is not a legal entity susceptible to suit"); *Sychantha v. Livingston Cnty. Jail*, No. 24-CV-13043, 2025 WL 495549, at *2 (E.D. Mich. Feb. 13, 2025) (collecting cases).

As such, Plaintiff's claim against the Genesee County Jail must be dismissed. Even if Plaintiff intended to name Genesee County as a Defendant, he fails to bring allegations against the County that would state a claim under Section 1983. *See infra* III.D.

### B. Flint Police Department

To the extent that Plaintiff wishes to sue the Flint Police Department, it, too, cannot be sued under § 1983.

A police department is not a legal entity that can be sued as a defendant in a § 1983 civil rights action because it is an agent of a city, township or village. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *see also Khaled v. Dearborn Heights Police Dep't*, 711 F.

4

App'x. 766, 772 n.4 (6th Cir. 2017). For that reason, Plaintiff's claim against the Flint Police Department must also be dismissed. Likewise, if Plaintiff intended to sue the City of Flint, he has failed to state a claim against the City because he fails to bring allegations that would state a claim under Section 1983. *See infra* III.D.

### C. Michigan State Police

Plaintiff's lawsuit against the Michigan State Police must be dismissed because neither a state nor its agencies is a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). A suit against the Michigan State Police, a state agency, is the same as bringing suit against the state of Michigan itself. *Thomas v. Tennessee Dep't of Transp.*, 579 F. App'x 331, 333 (6th Cir. 2014).

The Eleventh Amendment bars lawsuits against a state unless the state has waived its immunity, *See Welch v. Texas Dep't of Highways and Pub. Transp.*, 483 U.S. 468, 472–73 (1987), or unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. *Will*, 491 U.S. at 66. Plaintiff has failed to identify or allege any facts that would support a finding that the State of Michigan

has waived its immunity to his lawsuit or that Congress has expressly overridden any state immunity. Therefore, any lawsuit against the Michigan State Police is barred by the Eleventh Amendment. *See Thomas*, 579 F. App'x at 333.

### D. Plaintiff's complaint generally

Plaintiff's complaint is also subject to dismissal because he fails to allege adequate facts to establish a constitutional violation.

In the context of a civil rights claim, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. Some factual bases for such claims must be set forth in the pleadings. *See Iqbal*, 556 U.S. at 678 (2009).

Plaintiff offered no facts or argument in his complaint establishing that the arrest was illegal. Plaintiff's conclusory and vague allegations that he was unlawfully arrested or charged are insufficient to state a claim for relief even if he had named the right defendants. *See Karafiat v. O'Mally*, 54 F. App'x 192, 194 (6th Cir. 2002). For these reasons, the complaint is deficient and must be dismissed.

6

## IV. Conclusion

For the reasons set forth above, the complaint is DISMISSED WITHOUT PREJUDICE for failing to state a claim upon which relief can be granted.

IT IS SO ORDERED.

Dated: October 7, 2025  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 7, 2025.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager